IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHILI WILLIE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL MARTEL,<br>Acting Warden,<br><br>　　　　Respondent. | No. C 05-1151 CW (PR)<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

Petitioner Chili Willie is a prisoner of the State of California who is incarcerated at Mule Creek State Prison.[1] He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his 2001 conviction in Sonoma County Superior Court.

## BACKGROUND

On March 21, 2005, Petitioner filed his initial petition for a writ of habeas corpus with the Court. He listed three claims but did not include any facts. Instead, Petitioner requested additional time to "adequately answer, or provide information in support of [his] claims." (Pet. at 6.) In an Order dated January

---

[1] Petitioner named Jeanne Woodford, former director of the California Department of Corrections and Rehabilitation, as Respondent in this action. Under Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254, the proper respondent is Michael Martel, the acting warden at Mule Creek State Prison where Petitioner is incarcerated. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where petitioner is incarcerated is the proper respondent). Therefore, Respondent Martel has been substituted as Respondent in place of Respondent Woodford.

17, 2006, the Court denied without prejudice Petitioner's request for a stay and instructed Petitioner to file an amended request for a stay "in which he sets out the claims which were raised to the State courts on appeal and which of those claims, if any, he intends to pursue in his federal petition." (Jan. 17, 2006 Order at 3.)

Petitioner filed an amended request for a stay on April 5, 2006, providing additional information about the three claims he intended to pursue. At that time, Petitioner did not have any claims pending in state court. In an Order dated March 28, 2007, the Court noted that Petitioner identified two reasons to stay his case: (1) his inability to develop his ineffective assistance of counsel claim because counsel refused to send his file to him and (2) an investigation of the disappearance of his legal documents. (Mar. 28, 2007 Order at 2-4.) The Court found this insufficient, denied the request for a stay and instructed Petitioner to file an amended petition providing factual and legal bases for his claims. (Id. at 4.)

Petitioner filed an amended petition on May 1, 2007. He raises three grounds for relief. First, he claims the State improperly impounded his personal funds, "approx $17,000.00," during his arrest. (Am. Pet. at 6.) Second, he claims ineffective assistance of trial counsel for many reasons, including counsel's failure to: (1) investigate the victim's background, (2) assist Petitioner in posting bail, (3) ensure that Petitioner was

competent to stand trial; (4) discuss the charges and possible sentence he was facing, and (5) interview Petitioner's witnesses. (Id.) Finally, Petitioner claims inadequate medical care and obstruction of justice. (Id.) In his amended petition, Petitioner states that these claims are pending in state court. Attached to his amended petition is a "Motion to Amend Petition for Habeas Corpus Relief." In it, Petitioner seeks an order: (1) staying the case; (2) to return his personal funds; (3) instructing his trial attorney to return his legal file; (4) initiating an investigation into lost legal documents; (5) granting an evidentiary hearing; and (6) appointing counsel. (Mot. to Amend at 5.)

On January 8, 2008, Petitioner informed the Court that the California Supreme Court denied a petition for review on December 12, 2007, which he states is "relevant to ground (1) of my writ of habeas corpus now pending in your court . . . ."

## DISCUSSION

I. Leave to File an Amended Petition

Because the Court gave Petitioner leave to file an amended petition in its March 28, 2007 Order, he may amend his petition without leave of Court. Therefore, Petitioner's motion for leave to file an amended petition is DENIED as unnecessary. His first amended petition is accepted for filing.

II. Petitioner's Claims

On habeas review of a state court conviction, this Court has authority to consider only claims based on alleged violations of

the federal constitution or federal law.

A. Impounding Funds

In ground one, Petitioner contends that the State improperly impounded his personal funds during his arrest. He alleges that this deprived him of his "right to counsel of choice, right to investigate, collect evidence, interview witnesses, secure personal papers, see adequate medical care, etc." Petitioner claims that he has fully exhausted ground one of his petition.

Petitioner's claim does not attack his conviction or incarceration. Although Petitioner alleges in a conclusory manner that his right to a "fair and impartial trial" was violated, it appears that his real contention is that the state court erred in failing to return the estimated $17,000.00 that was confiscated in violation of state law when he was arrested. Accordingly, Petitioner's claim that the State improperly impounded his personal funds cannot be raised in a federal habeas petition and is DISMISSED without prejudice to filing as a state law claim in state court.

B. Medical Care and Obstruction of Justice

Petitioner's claim of inadequate medical care and obstruction of justice (ground three) also does not attack his conviction or incarceration and thus is not a ground for federal habeas relief. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979)

4

(affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Accordingly, Petitioner's claim of inadequate medical care is DISMISSED without prejudice to refiling as a civil rights claim.

Petitioner alleges obstruction of justice by stating, "an orchestrated effort to pervert justice became obvious as this case matured, i.e., (1) seizing [his] personal funds before trial; (2) adverse manipulation of medical care before and during trial; (3) refusing to turn over legal file after trial; (4) concealing documents material to an official proceeding; (5) professional misconduct." (Am. Pet at 6.) When construed as a claim brought pursuant to 42 U.S.C. § 1983, his obstruction of justice claim implicates the validity of his state criminal proceedings.

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Petitioner must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id. at 487. Whenever a state prisoner seeks damages

in a § 1983 suit, a district court therefore must consider whether judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the conviction or sentence has already been invalidated. See id.

It appears that Petitioner's conviction has not been invalidated by a state or federal court; therefore, any request for damages pertinent to said proceedings is premature. Accordingly, his obstruction of justice claim is DISMISSED without prejudice to refiling as a civil rights claim once a cause of action has accrued.

C. Ineffective Assistance of Counsel

In his second ground for relief, Petitioner claims that he was "denied effective assistance of counsel, a due process violation of [his] constitutional right to a fair trial." Petitioner has provided the factual and legal bases for this claim. However, Petitioner states that he has not fully exhausted his state judicial remedies as to this claim. Therefore, he requests a stay of proceedings while he exhausts this claim in state court.

III. Request for Stay

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal

court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). A district court does not have discretion to stay a petition containing only unexhausted claims, however, even where the record shows that there were exhausted claims that could have been included. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the rule in Rhines to completely unexhausted petitions and finding that the district court must dismiss a completely unexhausted petition based on Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001)).

Petitioner alleges that his ineffective assistance claim is pending in state court. He asks the Court to stay his federal petition while he exhausts his state remedies. However, there are no exhausted claims currently pending, and the Court has no discretion to stay the instant petition containing an unexhausted ineffective assistance of counsel claim. See Rasberry, 448 F.3d at 1154. Accordingly, Petitioner's ineffective assistance of counsel

claim is DISMISSED without prejudice to filing a new federal habeas petition once he has exhausted state remedies by presenting his ineffective assistance of counsel claim to the highest state court. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a dismissal solely for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting available state remedies).

CONCLUSION

1. Petitioner's claim that the State improperly impounded his personal funds (ground one) is DISMISSED without prejudice to refiling in state court as a state law claim.

2. Petitioner's claim of inadequate medical care and obstruction of justice (ground three) is DISMISSED without prejudice to refiling as a civil rights claim pursuant to the requirements outlined above.

3. Petitioner's ineffective assistance of counsel claim is DISMISSED without prejudice to filing a new federal habeas petition after he has exhausted state court remedies.

4. Petitioner's request for an Order granting the return of his personal funds, instructing his trial counsel to return his legal file, and initiating an investigation into the lost legal documents is DENIED. The Court is without jurisdiction to grant such requests.

5. Petitioner's requests for an evidentiary hearing and appointment of counsel are DENIED as premature.

6.  The Clerk of the Court is directed to substitute Michael Martel, the acting warden at Mule Creek State Prison, as Respondent in this action.

7.  The Clerk shall enter judgment, close the file, and terminate any pending motions.

IT IS SO ORDERED.

DATED: 2/5/08



CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIE,

        Plaintiff,

v.

WOODFORD et al,

        Defendant.

Case Number: CV05-01151 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chili Willie #T37197
Mule Creek State Prison
P.O. Box 409000
Ione, CA 95640

Dated: February 5, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk